385 A.2d 582

**AIMCO IMPORTS, LTD., Appellant,**

**v.**

**BARSAM IMPORTS, INC., and Irving Mangel, and Harry Goodstadt and M & B DiMazzoni, Bellini & Figli, S.N.C., and Duchessa D'Alba DiMarmeggi Franco & C–S, A.S.**

Superior Court of Pennsylvania.

Argued June 21, 1977.

Decided April 13, 1978.

Edward M. Dunham, Jr., Philadelphia, with him Paul R. Rosen, Philadelphia, for appellant.

Allen T. Newman, Philadelphia, for appellees.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

PER CURIAM:

In this action of foreign attachment Plaintiff has appealed from an order of the lower court (Philadelphia County) sustaining preliminary objections to its complaint as it relates to three of the defendants Goodstadt, M & B DiMazzo-

ni, etc., and Duchessa D'Alba etc., because it failed to state a good cause of action against them.

In its order the lower court held that foreign attachment was proper in this case since the proceeding had been commenced prior to the decision in *Jonnet v. Dollar Savings Bank of the City of New York*, 530 F.2d 1123 (3rd Cir. 1976) which declared unconstitutional Pennsylvania's Rules of Civil Procedure (R.C.P. 1251 to 1279 inc.) relating to foreign attachment. It was of the opinion *Jonnet* did not have a retroactive effect. The Supreme Court has since declared that *Jonnet* should be applied retroactively: *Schreiber et al. v. Republic Intermodal Corporation et al.,* and *Sullivan Liner, Inc., v. Doris Leasing Company, Inc., et al.,* both filed July 8, 1977, 473 Pa. 614, 375 A.2d 1285.

It would, therefore, appear that the proceedings out of which this appeal arose are unconstitutional and should be dissolved.

However, we need not make that decision at this time since we find in the complaint no allegations of fact sufficient to support appellant's alleged claim against the three appellees.

The order of the lower court is affirmed.

WATKINS, former President Judge, did not participate in the consideration or decision of this case.